**HALL–STEWART DRILLING COMPANY and United States Fidelity and Guaranty Company, Appellants,**

v.

**Edna TOMLIN, Appellee.**

No. 5587.

United States Court of Appeals Tenth Circuit.

Oct. 7, 1957.

954

A. H. McLeod (of Keleher & McLeod) Albuquerque, N. M., for appellants.

Henry A. Kiker, Jr., Albuquerque, N. M. (Joseph L. Smith, Albuquerque, N. M., was with him on the brief), for appellee.

Before MURRAH, PICKETT and LEWIS, Circuit Judges.

PER CURIAM.

While engaged in the performance of his usual and customary duties as a derrick man on appellant's oil well drilling rig in New Mexico, P. L. Tomlin suffered a heart attack, resulting in immediate death.

In this diversity suit to recover the death benefits under the New Mexico Workmen's Compensation Act (59–10–1 et seq., N.M.Stat.1953), there was evidence that the stress and strain of his work precipitated or triggered the heart attack. Based upon this and countervailing evidence, the jury found that "Tomlin died as a result of an accidental injury in the course of and arising out of his employment." This appeal is from a judgment for the claimant-dependent on the jury verdict.

The appellant complains of the court's crucial instruction to the effect that even though the decedent may have been suffering from a heart condition which might have eventually caused his death, the claimant could nevertheless recover under the Workmen's Compensation Law if the jury found that the physical strain or exertion in the course of his employment was the proximate and immediate cause of the decedent's death; that "where the duties of the employment called for a quality and quantity of exertion which actually is the immediate precipitating factor in the death of a workman, by a heart attack, it is compensable." This instruction is said to be contrary to New Mexico law and to amount to the direction of a verdict in favor of the claimant.

Since this appeal and the filing of briefs, the New Mexico Supreme Court has specifically approved the trial court's instructions as a correct statement of applicable New Mexico law. See Sanchez v. Board of County Commissioners, 63 N.M. 85, 313 P.2d 1055. The judgment is affirmed on the authority of that case, and the case is remanded to the trial court for the reconsideration and allowance of attorney fees in view of services rendered on appeal.